

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00164-CV

_____

IN THE INTEREST OF M.M. AND F.M., CHILDREN

On Appeal from the 393rd District Court
Denton County, Texas
Trial Court No. 17-9471-393

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

Mother appeals from the trial court's judgment terminating her parental rights to Dennis and Denise based on her voluntary-relinquishment affidavit.[1] *See* Tex. Fam. Code Ann. §§ 161.001(b)(1)(K), (2), 161.103. We affirm.

Mother's appointed appellate counsel has moved to withdraw and has briefed why Mother's appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967); *see also In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth 2003, order) (holding that this court applies *Anders* procedures in parental-rights-termination cases), *disp. on merits*, No. 02-01-00349-CV, 2003 WL 2006583, at *3 (Tex. App.—Fort Worth May 1, 2003, no pet.) (mem op.). Counsel's brief meets *Anders*'s requirements by professionally evaluating the record and showing why Mother has no arguable grounds to put forward on appeal.

We instructed Mother to contact us if she wanted an opportunity to review the record and to file a response, but she did not respond. After we informed the other parties that Mother had not responded, we gave them an opportunity to file briefs too, but like Mother, they did not.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and if the motion fulfills the *Anders* requirements, we must independently examine the record to determine if any arguable grounds for

---

[1]We use aliases to identify the children and refer to their mother simply as Mother. *See* Tex. Fam. Code Ann. § 109.002(d); Tex. R. App. P. 9.8(b)(2).

appeal exist. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). When performing this analysis, we consider the record, the *Anders* brief, and any pro se response. *In re Schulman*, 252 S.W.3d 403, 408–09 (Tex. Crim. App. 2008) (orig. proceeding).

We have carefully reviewed counsel's brief and the appellate record. Finding no reversible error, we agree with counsel that this appeal is without merit and affirm the trial court's judgment terminating Mother's parental rights to Dennis and Denise. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005); *In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied).

Turning to counsel's motion to withdraw, counsel asserts that he and Mother disagree on whether to pursue further appellate relief and that Mother has consented to his withdrawal, but "[m]ere dissatisfaction of counsel or client with each other is not good cause. Nor is counsel's belief that the client has no grounds to seek further review from the court of appeals' decision." *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (order), *cert. denied sub nom. Adams v. Tex. Dep't of Family & Protective Servs.*, 138 S. Ct. 1562 (2018). Because counsel has not shown good cause independent from his conclusion that the appeal is frivolous, we deny his withdrawal motion as premature. *See P.M.*, 520 S.W.3d at 27–28; *In re C.J.*, 501 S.W.3d 254, 255 (Tex. App.—Fort Worth 2016, pets. denied). Thus, counsel remains appointed in this appeal through proceedings in the supreme court unless otherwise relieved under Family Code Section 107.016(3)(C). Tex. Fam. Code Ann. § 107.016(3)(C); *In re M.D.*,

No. 02-18-00426-CV, 2019 WL 2047813, at *2 (Tex. App.—Fort Worth May 9, 2019, no pet.) (mem. op.); *see P.M.*, 520 S.W.3d at 27–28 ("In [the Texas Supreme] Court, appointed counsel's obligations can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief.").

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered:  October 11, 2019